⹀ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ DELAWARE _____

UNITED STATES OF AMERICA
V.
COURTNEY MURRAY,
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 08-87-M

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- X (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X clear and convincing evidence   X a preponderance of the evidence that

Based on the affidavit of probable cause, the report of the Probation Office, and other information provided to the Court during the preliminary hearing and detention hearing, the Court finds clear and convincing evidence that no combination of conditions could reasonably assure the safety of the community between now and the time of the Defendant's trial. The Court further finds that no combination of conditions could reasonably assure that the Defendant would appear for all Court events in this matter.

The Court has reached these conclusions based on the following findings and for the following reasons:

the nature and circumstances of the offense: the Defendant is accused of being a felon in possession of a firearm. After Wilmington Police responded to a call in reference to suspicious activity involving three males apparently attempting to gain access to the roof of a residence, the males dispersed, contrary to the request of an officer. After an officer chased down Defendant Murray, and tazered him, the officer observed Defendant remove a black revolver from his waistband and throw it to the ground. The firearm, a Colt Cobra 38 Special, was not manufactured in Delaware. One of the other males was apprehended, as well as an additional firearm and at least two crowbars. Murray had two prior felony convictions for Possession with Intent to Distribute Narcotic Schedule II Controlled Substance.

the weight of the evidence: is strong. Although the Defendant gave a statement denying possession of the firearm, the affidavit of probable cause reports that a WPD officer could "clearly identif[y]" the Defendant removing a firearm from his waistband. There is no dispute that the firearm traveled in interstate commerce and that the Defendant was a person prohibited.

the history and characteristics of the Defendant: as already noted, the Defendant has two prior convictions, both for drug distribution. He was on pretrial release from the State of Delaware at the time of the instant offense. He has a single capias on his record. Defendant's girlfriend would agree that he could reside with her; he has resided in Delaware for 8 years and has a sporadic employment history.

the nature and seriousness of the danger to the community that would be posed by the Defendant's release: as a felon in possession of a firearm, who appears to have been in the midst of a burglary, and who has prior convictions for drug distribution, the Defendant would pose a danger to the community if released.

AO 472 (Rev 12/03) Order of Detention Pending Trial

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| MAY 7TH, 2008 | |
|---|---|
| Date | Signature of Judge |
| | Hon. Leonard P. Stark |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).